# United States District Court
### Eastern District of Michigan

| United States of America | Case Number: 15CR20069-1 |
|---|---|
| V. | USM Number: 11763-040 |
| DEANGELO PIPPEN | Hon. Sean F. Cox |

### JUDGMENT IN A CRIMINAL CASE
Revocation of Supervised Release  
(For Offenses Committed On or After November 1, 1987)

Rhonda R. Brazile  
Defendant's Attorney

The defendant admitted guilt to violation of conditions(s) 1 and 2.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | Violation of Standard Condition No. 1: The defendant shall not leave the judicial district without the permission of the Court or Probation Officer. | 9/20/2015 |
| 2 | Violation of Standard Condition No. 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | 8/28/2015, 9/8/15 |

The defendant is sentenced as provided in pages **2 through 4** of this judgment.  This sentence is imposed pursuant of the Sentencing Reform Act of 1984

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

January 6, 2016  
Date of Imposition of Judgment



s/Sean F. Cox  
United States District Judge

January 14, 2016  
Date Signed

DEFENDANT:  DEANGELO PIPPEN
CASE NUMBER:  15CR20069-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **9 months**

The court makes the following recommendations to the Bureau of Prisons:  **none.**

**The Court waives the costs of incarceration.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT:  DEANGELO PIPPEN
CASE NUMBER:  15CR20069-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **24 months**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  DEANGELO PIPPEN
CASE NUMBER:  15CR20069-1

# SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.

**As a condition of supervised release, the defendant shall be placed at a Residential Reentry Center for 180 consecutive days, at the direction of the United States Probation Department. While at the halfway house facility, the defendant shall abide by the rules and regulations of the facility. Subsistence costs are waived.**